Judge Logan
delivered the opinion of the court.
On the 25th of Marc!), 1812, Bearden, in consideration of $30U, executed his bill of sale to Prince for a negro woman, upon condition that if Bearden repaid that sum on or before the 1st of September then ensuing, the sale should .be void; it being therein declared as the intention and understanding of the parties to be a conditional sale, and not a mortgage.
The- money was not repaid within the time stipulated, nor an offer to pav the same for upwards of two years thereafter. In the mean time the negro woman had two children. And in the summer 1815, Bearden filed his bill, al-ledging that the money had been obtained as a loan, and the negro placed as a pledge only, for its repayment.
He alledges also, that some time before the expiration of the time stipulated for the repayment of the money, he informed Prince that he should be unable to pay it by that time, without again borrowing the money and mortgaging the negro; and that thereupon Prince assured him that no advantage on that account should be taken.
Prince, in bis answer, contends, that he ■ purchased, and did net take the negro in pledge; and admits that he informed Bearden, that he might have six or seven months longer than the time specified in the writing to repay the money, upon the request of Bearden, and his representation that he intended to go to South Carolina, where he expected to get the money.
A cleardis-tmctio.i is the law be tweenamort-dKoiv-fsal"" but it must be left to the circumstan-^ case°ancTthe sound discretion of the cideto which class ⅜ case may belong,
And he charges most positively, that the nature of the agreement was fully explained at the time of entering into' it; and that he refused to enter into any arrangement, which, if not Complied with, might involve him in a suit on a mortgage to procure, either the money or the property.
The distinction between mortgages and conditional sales, cjearj recQ -ze(j ^ jaw". Eac], case must., in some measure, depend on its own circumstances, and rest upon the legal discretion of the court to distinguish between cases com'n» w‘^iin one and those falling within the other class, R this be not a conditional sale, it is impossible to maintain the distinction recognized. The writing is explicit, anc¡ t]le parol evidence may be reconciled therewith. Ev-el7 sa^e °f tlie kind depends on a defeasance, which expoSes it to the occasional misunderstanding of others, as to the right of property and the rca! intention of the parties: whereby ⅛6 distinction between the two cases is often confounded for want of full and correct information of the terms and conditions upon which the contract was entered into: for, from the nature of those sales, the declarations of either party are quite probable, that the property is held by the one, but subject to the right of the other upon paying certain money. Such declarations taken together with the express provisions of the contract, may be explained consistently therewith.
The application of Reardon for further time to repay the money, is a circumstance in confirmation of the agreement as expressed in the writing: and that the appellant supposed his right limited, by the time therein specified: for, if he conceived that the right would continue beyond that period, why should he have deemed it material to make the application before the expiration of the time? And the Circum-stace of Bearden’s taking the negro woman back for the purpose of having her attended to during her illness, can be of very little importance, since all this may have happened whilst his right according to the writing still existed; and, because, it seems to have been done'upon the representation of Prince, that an unsound negro had been imposed upon him; and, because, Bearden’s family were supposed to understand her complaint, and to be capable, therefore, of nursing and taking better care of her. The negro, however, recovered, and Prince became again possessed of her. And had she died shortly before the commencement of this suit, it would be difficult, indeed, to conceive of a *171 ground upon which Bearden could be held liable for the re* payment of the money. Upon the whole, therefore, it is the opinion of this court, that by the contract, the right to the negro vested in Prince, subject to Bearden’s right to re-purchase upon the terms of that contract; which, not having been complied with, he cannot now enforce in a court of equity.
Bibb for appellant, B. Hardin for appellee.
The decree of the circuit court must, therefore, be reversed with cost.